NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LACHELLE J., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.M., *Appellee.*

No. 1 CA-JV 19-0143
FILED 1-9-2020

Appeal from the Superior Court in Maricopa County
No. JD19932
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Mesa
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Doriane Zwillinger
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Maurice Portley[1] joined.

---

**W E I N Z W E I G**, Judge:

**¶1**        Lachelle J. ("Mother") appeals the juvenile court's order terminating her parental rights to A.M.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Mother is the biological parent of ten children, including A.M., who was born in October 2015.  The juvenile court has previously severed Mother's parental rights to several of the children on grounds of chronic substance abuse.  This appeal concerns only her parental rights to A.M., the eighth child.[2]

**¶3**        Mother has a prolonged history of substance abuse and relapse.  She has abused methamphetamine for fifteen years with brief periods of sobriety.  The Arizona Department of Child Safety ("DCS") first encountered Mother in October 2010, after her fifth child tested positive for methamphetamine at birth.  DCS removed all five children from Mother at the time and petitioned the juvenile court to find them dependent.  A sixth child was born in the interim.  The proceedings were dismissed in July 2012 and the children returned to Mother who, relapsed the next month.  She was also arrested and convicted for hiding drug paraphernalia.

**¶4**        Between 2013 and 2016, Mother had three more children, including A.M. in October 2015.  During that period, DCS filed two more dependency petitions against Mother on substance abuse grounds, including a February 2016 petition to adjudicate A.M. dependent.

---

[1]  The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]  The juvenile court has terminated the parental rights of A.M.'s incarcerated father.  He is not part of this appeal.

**¶5** From 2010 to 2016, Mother received a litany of rehabilitative services from DCS, including referrals to substance abuse treatment programs, substance abuse after-care programs, in-home safety monitors, individual counseling, urinalysis testing, hair-follicle testing, parent-aide services and supervised visitation.

**¶6** Despite the treatment and counseling, Mother ultimately relapsed on methamphetamine in 2013, 2014, 2015, 2016, 2017 and 2018. She told one counselor about her sudden urges to "use again" and admitted to "us[ing] every day when she was using." Beyond that, the record indicates that Mother was arrested, convicted and served jail time for drug-related offenses in 2012 and 2013. A 2017 forgery offense is pending. The record also shows that Mother tends to enter abusive relationships, including with A.M.'s father, has endured periods of homelessness and does not send her children to school.

**¶7** Against that backdrop, DCS concluded that Mother was incapable "of parenting [A.M.] without intervention supports" and any reunification efforts were "futile." DCS moved to terminate Mother's parental rights to A.M. on grounds of chronic substance abuse in November 2018.

**¶8** The severance hearing took place in April 2019. The court heard from four witnesses, including Mother and her assigned DCS case manager. The record showed that Mother tested positive for methamphetamine in January, July and August 2018; failed to take drug tests in September, October and November 2018; and submitted diluted drug tests in January and March 2019. Yet, Mother still insisted she had been drug-free since August 2018, but even if true, the DCS case manager testified that "five months [sobriety] is not enough time" for Mother to have remedied her substance abuse issues. The case manager also testified that Mother had "demonstrated a pattern, of doing what needs to be done to get the children back in her care and custody, and then has relapsed on methamphetamine."

**¶9** The court found that DCS had proven the statutory ground of chronic substance abuse by clear and convincing evidence and that termination was in the best interests of A.M. Mother timely appealed the termination order and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for Juvenile Court 103(A).

**DISCUSSION**

**¶10** To terminate Mother's parental rights, the juvenile court must find that clear and convincing evidence supports at least one statutory ground under A.R.S. § 8-533(B), and that termination is in the child's best interests by a preponderance of the evidence. *Jeffrey P. v. Dep't of Child Safety*, 239 Ariz. 212, 213, ¶ 5 (App. 2016). We accept the court's factual findings unless no reasonable evidence supports them and will affirm a termination order unless it is clearly erroneous. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

**¶11** Mother contests the statutory ground of chronic substance abuse, which requires proof that (1) she has a "history of chronic abuse of dangerous drugs [or] controlled substances," that (2) makes her "unable to discharge parental responsibilities," and (3) "there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." A.R.S. § 8-533(B)(3). "Chronic substance abuse is long-lasting but not necessarily constant substance abuse." *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 17 (App. 2016).

**¶12** Mother argues the juvenile court received insufficient evidence that she is either unable to discharge her parental responsibilities or that reasonable grounds exist to believe her substance abuse "will continue for a prolonged and indeterminate period." Mother contends she "is in a different place," having remained sober for five months, obtained stable housing, found a support group and discovered her "trigger" for substance abuse during counseling.

**¶13** We affirm because the record contains ample evidence to support the juvenile court's decision. Mother has abused methamphetamine since childhood and served jail-time for drug-related offenses. She has not shaken her addiction despite frequent attempts, good intentions and brief periods of sobriety —even when her parenting future was on the line. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29 (App. 2010) (parent had not overcome dependence on drugs where his abuse continued "despite knowing the loss of his children was imminent."). Based on this extensive history of substance abuse, the court reasonably found that Mother is "highly likely to relapse and, for that reason, finds she is unable to discharge parental responsibilities." Although we commend Mother's recent efforts, they do not negate her long history of substance abuse and relapse. *Raymond F.*, 224 Ariz. at 379, ¶ 29 (parent's "temporary abstinence from drugs and alcohol does not outweigh [a] significant history of abuse or [a] consistent inability to abstain."). And A.M.'s "interest in

permanency must prevail over [Mother's] uncertain battle with drugs." *Jennifer S.*, 240 Ariz. at 287, ¶ 17.

**CONCLUSION**

**¶14**     We affirm the superior court's termination order.



AMY M. WOOD • Clerk of the Court
FILED:   AA